<partyblock>

Allstate Insurance Company, et al., Plaintiffs,

against

Alex Buziashvili, et al., Defendants.

603776/2003

Saliann Scarpulla, J.

Plaintiffs move for summary judgment with respect to the first through seventeenth, twenty-first through twenty-third, thirty-fifth and thirty-sixth causes of action in this matter based upon claims of fraud, violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC  1961
1968) and RICO conspiracy.[FN2]

To prove a violation of RICO, a finding of specific (i.e. subjective/actual) intent is required. See 236 Cannon Realty, LLC v Ziss, 2005 WL 289752, at *5 (SDNY 2005) ("[a] plaintiff also must show that the defendants acted with the [*4]specific intent to engage in the scheme to defraud") (citations omitted). Classically, intent is a fact-laden inquiry, and is inappropriate for determination on summary judgment. National Union Fire Ins. Co. of Pittsburgh, Pa. v Robert Christopher Assocs., 257 AD2d 1, 6 (1st Dept 1999) (questions of intent should generally not be determined on summary judgment); accord National Union Fire Ins. Co. of Pittsburgh, Pa. v Turtur, 892 F2d 199, 205 (2nd Cir 1989); see also Ikuno v Yip, 912 F2d 306, 310-311 (9th Cir 1990) (while specific intent can be proven circumstantially, it is, nonetheless, ill-suited for adjudication on summary judgment).

To be sure, the intent of the parties may be determined from, for example, a set of documents, or the face of the agreement, making summary judgment feasible and appropriate. American Exp. Bank Ltd. v Uniroyal, 164 AD2d 275, 277 (1st Dept 1990). However, where, as here, it becomes necessary to refer to actions or conduct extrinsic to that documentation to determine intent, there is a question of fact, summary judgment should be denied, and the determination should be made by the finder of fact. See id.; see also IBM Credit Financing Corp. v Mazda Motor Mfg., [USA] Corp., 152 AD2d 451, 452 (1st Dept 1989).

Moreover, New York courts have noted, particularly with regard to RICO actions, that summary judgment is ordinarily inappropriate where a defendant's intent is implicated, and that such a determination should be left to the finder of fact. Additionally, to the extent that the defendants assert that the activities of the Parallel PCs were a matter of convenience, or in some way only sloppy or negligent (see Transcript of June 22, 2016, 21:6-22:5), but not imbued with the requisite intent, I decline to grant summary judgment against them on the RICO and RICO conspiracy claims. See Qatar Natl. Nav. & Transp. Co. v Citibank, No. 89 Civ. 0464, 1992 WL 276565, at *5 (SDNY Sept. 29, 1992), aff'd 182 F3d 901 (2d Cir 1999); see also Edmonds v Seavey, 2009 WL 2949757, at *5 (SD NY 2009).

In conclusion, I find that material issues of fact exist as to whether the remaining defendants demonstrated the requisite specific intent comporting with knowingly allowing the Parallel PCs and Paper Owners to use their name and/or license number on bills for services that were either never rendered, performed by unlicensed individuals, or medically unnecessary. Therefore, the motion for summary judgment on the first through seventeenth causes of action for RICO violations, and the twenty-first cause of action for RICO conspiracy is denied with respect to the Ten Remaining Defendants.

In accordance with the foregoing, it is

ORDERED that plaintiffs' motion for summary judgment on the twenty-second cause of action for unjust enrichment and twenty-third cause of action for fraud to the extent that these claims relate to the Seventeen Defaulting Defendants is granted on the issue of liability, without opposition; and it is further

ORDERED that plaintiffs' motion for summary judgment on the twenty-second cause of action for unjust enrichment and twenty-third cause of action for fraud to the extent that these claims relate to the Ten Remaining Defendants is granted on the issue of liability; and it is further

ORDERED that plaintiffs' motion for summary judgment on the thirty-fifth and thirty-sixth causes of action for declaratory judgment to the extent that these claims relate to the Seventeen Defaulting Defendants is granted, without opposition; and it is further

ORDERED that plaintiffs' motion for summary judgment on the thirty-fifth and thirty-sixth causes of action for declaratory judgment to the extent that these claims relate to the Ten Remaining Defendants is granted; and it is further

ORDERED that plaintiffs' motion for summary judgment on the first through seventeenth causes of action for RICO violations, and the twenty-first cause of action for RICO conspiracy to the extent that these claims relate to the Seventeen Defaulting Defendants is granted on the issue of liability, without opposition; and it is further

ORDERED that plaintiffs' motion for summary judgment on the first through seventeenth causes of action for RICO violations, and the twenty-first cause of action for RICO conspiracy to the extent that these claims relate to the Ten Remaining Defendants is denied; and it is further

ORDERED that a trial shall be conducted before the Court on the first through seventeenth causes of action for RICO violations, and the twenty-first cause of action for RICO conspiracy to the extent that these claims relate to the Ten Remaining Defendants; and it is further

ORDERED that, after trial on the RICO and RICO conspiracy claims, a hearing on the amount of damages to be awarded to the plaintiffs on their complaint shall be conducted before a Special Referee; and it is further

ORDERED that counsel are directed to appear for a pre-trial conference at 60 Centre Street, Room 208, on June 7, 2017 at 2:15pm; and it is further

ORDERED that a final judgment shall be entered after trial and a hearing to determine the amount of damages to be awarded to plaintiffs.

This constitutes the decision and order of the Court.

DATE:

Saliann Scarpulla, JSC

Footnotes

Footnote 1:To the extent plaintiffs move for summary judgment on the unjust enrichment, fraud, and declaratory judgment claims against the Seventeen Defaulting Defendants, I grant this branch of the plaintiffs' motion on default.

<para level="1">

Footnote 2:To the extent plaintiffs move for summary judgment on the RICO and RICO conspiracy claims against the Seventeen Defaulting Defendants, I grant this branch of the plaintiffs' motion on default.

<form method="LINK" action="../../slipidx/com_div_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</para></partyblock>